Barbara J. LaFOLLETTE and Corrections Telecom, Incorporated, Plaintiffs–Appellants,

v.

Gary SAVAGE, Corrections Telecom Group, Incorporated, John Dietler, and Pat Dietler, Defendants–Appellees.

No. 94–3100.

United States Court of Appeals, Seventh Circuit.

Sept. 25, 1995.

Bronson C. LaFollette, Madison, WI, Michael J. Luebke (argued), Atterbury, Riley & Luebke, Madison, WI, for Barbara J. LaFollette and Corrections Telecom, Inc.

Kevin J. Palmersheim (argued), J. Thomas Haley, Haley Law Office, Middleton, WI, for Gary Savage and Corrections Telecom Group, Inc.

John Dietler, Sacramento, CA, pro se.

Pat Dietler, Sacramento, CA, pro se.

Before MANION, Circuit Judge, ROVNER, Circuit Judge, NORGLE, District Judge *.

### ORDER

After our opinion issued in this appeal on August 11, 1995, the clerk's office of this Court received from the clerk's office for the

Western District of Wisconsin three additional volumes of the trial transcript as a supplement to the record on appeal. Those volumes are stamped as having been filed in the district court on January 17, 1995, after the original record on appeal had been transmitted to this Court. Those volumes were not forwarded to this Court as a supplement to the record on appeal, however, until August 18, 1995, by which time we had dismissed the major portion of plaintiffs' appeal, unaware that any attempt had been made to supplement the record. *See LaFollette v. Savage,* 63 F.3d 540 (7th Cir.1995). Our opinion explained that meaningful appellate review was precluded by the fact that plaintiffs had provided us with an incomplete record of the proceedings below. Once the supplemental record arrived, however, the trial transcript was complete, and because the district court clerk's office was partially at fault for the delay, we invited the parties to brief the impact of the supplemental record on our August 11, 1995 opinion. Our August 22, 1995 order held in abeyance the time for filing a petition for rehearing under Fed. R.App.P. 40(a).[1] After careful consideration of the parties' submissions, we have determined that our August 11, 1995 opinion shall stand, as supplemented by this order.

### I.

First, we briefly detail the facts underlying our receipt of the supplemental record on August 14, 1995. In connection with their motion for judgment as a matter of law or for a new trial below, plaintiffs ordered a portion of the trial transcript which included only the direct and cross-examination of Gary Savage and the direct examination of Randall Thompson. After the district court denied plaintiffs' alternative motions, they filed a notice of appeal in August of last year. Within ten days, plaintiffs filed a Seventh Circuit Transcript Information Sheet ("TIS"), which showed that they had ordered and paid for the trial transcript. *See* Fed. R.App.P. 10(b)(1) (relevant portions of tran-

---

* The Hon. Charles R. Norgle, Sr., of the Northern District of Illinois, sitting by designation.

1. Our order crossed in the mail with plaintiffs' petition for rehearing, which we received on August 24, 1995. In light of our August 22 order, we hereby strike the petition without prejudice to its refiling within fourteen days of the date of this order pursuant to Fed.R.App.P. 40(a).

script must be ordered within ten days after filing of notice of appeal). Plaintiffs apparently decided that only the portions of the transcript they had previously ordered in connection with their post-trial motions were "relevant" to the issues they would raise in their appeal. *See* Fed.R.App.P. 10(b)(2). The TIS did not reveal, however, that only a portion of the transcript had been ordered. Plaintiffs concede in their supplemental brief that their decision to order only a portion of the transcript "cannot be adequately explained" and that it violated Rule 10(b)(2). (Pl.Supp.Br. at 5–6.) Having ordered only a partial transcript, moreover, plaintiffs were obligated under Fed.R.App.P. 10(b)(3) to file a statement within the ten-day period of the issues they intended to raise in their appeal. They failed to do so. Thus, defendants did not learn of the partial transcript until after plaintiffs had filed their opening brief on October 14, 1994.

When they learned that the record included only a partial transcript, defendants filed with the district court a motion to correct the record, asking that plaintiffs be compelled to order the remainder of the transcript. The district court's docket shows that defendants' motion was withdrawn by the court on November 16, 1994, but unfortunately the docket entry does not indicate that the record would be supplemented. We now have learned that on the day defendants' response brief was due in this court, plaintiffs agreed in the course of a telephone conversation to order the complete trial transcript. Because neither a complete transcript nor the trial exhibits were yet a part of the record, however, defendants maintained in their response brief that the judgment below should be summarily affirmed. (Def. Br. at 9–10.) They filed as well a "Suggestion for Affirmance Without Oral Argument," which reiterated that the record lacked a complete transcript or any of the trial exhibits.

Although plaintiffs had orally agreed on November 14, 1994 to order the remainder of the trial transcript, inexplicably they did not place that order until almost one month la-

ter—on December 12. Three days earlier, on December 9, plaintiffs had submitted their reply brief in the instant appeal. The appeal was therefore fully briefed using a record that included only a partial transcript and none of the trial exhibits. Furthermore, plaintiffs' reply brief failed to address defendants' arguments about the incomplete record. Plaintiffs now offer the following explanation for their reply brief's omission: "Having agreed to file the balance of the trial testimony, [plaintiffs] concluded that it was unnecessary to address this portion of defendants' responsive brief." (Pl.Supp.Br. at 16.)[2] On January 3, 1995, the district court clerk's office transmitted the record on appeal to this Court. The district court docket sheet, which was mailed to all parties of record, revealed that only a partial transcript and none of the trial exhibits had been transmitted.

Three additional volumes of the trial transcript were filed in the district court on January 17, 1995, but through an oversight by the district court clerk's office, those transcripts were not forwarded to this Court until August 14, 1995. Meanwhile, we had heard oral argument in this appeal on February 6, 1995, and had issued our opinion on August 11. We were never apprised of the fact that plaintiffs had belatedly ordered three additional volumes of the trial transcript.

## II.

Plaintiffs maintain that because the supplemental record failed to reach this Court through no fault of their own, we should withdraw our August 11 opinion and reach the merits of their appeal. We disagree for a number of reasons. First, although it now appears that plaintiffs made some effort to supplement the record in response to defendants' objections (*cf. LaFollette*, 63 F.3d at 545–46), we cannot overlook the fact that plaintiffs are primarily responsible for the circumstances now confronting us. Plaintiffs concede that in initially designating only a portion of the trial transcript, they violated

---

2. Plaintiffs made this decision despite the fact that defendants' argument had focused on the absence of the trial exhibits as well as on the

incomplete nature of the trial transcript. No explanation has yet been offered for the absence of the trial exhibits from the record on appeal.

Rule 10(b)(2). They compounded their error by then ignoring Rule 10(b)(3), which kept defendants from discovering the problem until they were in the midst of preparing their response brief. By that point, even if the record eventually were supplemented, it was clear that the parties would fully brief this appeal on only a partial record, which they in fact did. Before we would consider plaintiffs' appeal on its merits, then, we at least would entertain an additional brief from defendants, who were not responsible for the incomplete transcript that hindered the original briefing. Thus, the withdrawal of our opinion would not only serve to reward rules violations that plaintiffs have admitted, but would also require us to abide further delays and additional expenditures of judicial resources.

Aside from the rules violations, however, we cannot understand how plaintiffs could have failed to alert us in their reply brief to the fact that the record was to be supplemented. Defendants raised the issue of the limited record both in their response brief and in their "Suggestion for Affirmance without Oral Argument." Even if plaintiffs believed that the matter had been settled by their oral agreement in a telephone conversation, they had an obligation to apprise the Court of that agreement in their reply brief. Had plaintiffs told us of their agreement, we would then have discovered in reviewing the record that the additional transcripts had never arrived, and the problem could have been remedied. But when plaintiffs failed to offer any response in their reply brief, we assumed that defendants' objection to the incomplete record had been conceded. Plaintiffs' failure to offer any response was central to our August 11 decision (*LaFollette,* 63 F.3d at 545–46), and we are not persuaded that their silence can be justified by the existence of an oral agreement that is evidenced nowhere in the record.

Finally, and importantly, even as supplemented, the record on appeal remains inadequate, as we still lack "the numerous documentary exhibits admitted into evidence at trial." *Id.* at 544. Fed.R.App.P. 10(a) provides that trial exhibits are an integral part of the record on appeal, as does our own Circuit Rule 10(a). Both in their response brief and in their "Suggestion for Affirmance without Oral Argument," defendants cited plaintiffs' failure to include the trial exhibits as a fact justifying summary affirmance. Our August 11 opinion also observed that the trial exhibits were a necessary part of the record because they were relevant to plaintiffs' broad challenges to the jury verdicts. *LaFollette,* 63 F.3d at 544; *see also id.* at 544–45. We explained that without the exhibits, for example, we could not determine "whether CTI had any opportunities available to it in mid- to late 1993 that were diverted by defendants for CTG." *Id.* at 545. Despite these admonitions, plaintiffs' supplemental brief makes no mention of the fact that these exhibits still are not included in the record.

Accordingly, because the record remains incomplete even when supplemented by the additional transcripts, and because plaintiffs must bear responsibility for violating the applicable rules and for then ignoring the issue in their reply brief, we decline to withdraw our August 11, 1995 opinion. That opinion accurately applied the law to the facts then before the Court. It shall stand as supplemented herein.