91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nawatha SLATON, Plaintiff-Appellant,
v.
Dan R. McBRIDE, et al, Defendants-Appellees.
 No. 95-3543.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1996.*
Decided July 12, 1996.
 
 Before POSNER, Chief Judge; and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Nawatha Slaton, a state prisoner acting pro se, sued a variety of prison officials at the Westville (Indiana) Correctional Center, claiming they violated his civil rights by making rehabilitative work assignments more readily available to white than to black inmates. 42 U.S.C. § 1983. At trial, the district court granted judgment as a matter of law to defendants. Slaton appeals the judgment, and also challenges several pre-trial rulings. We affirm.
 
 
 2
 Slaton, along with several other inmates, was laid off from his job at the prison's Industrial Sign Shop, and placed on administrative idle status. Prison officials claimed the layoffs were due to seasonal fluctuations of work, and decisions regarding whom to keep on were based on the inmates' drafting abilities. Slaton, however, charged that black inmates were more likely to be laid off, and less likely to be re-hired, than white inmates, while he himself was kept on administrative idle status in retaliation for filing a state administrative grievance on these practices. This lawsuit followed.
 
 
 3
 Slaton first contends that the district court violated his due process rights by not giving him a chance to respond in writing to defendants' motion for judgment as a matter of law. We review the district court's grant of a motion for judgment as a matter of law de novo, considering the evidence in the light most favorable to Slaton as the nonmoving party. Wilson v. Kelkhoff, Nos. 95-1483/95-2225, 1996 WL 333694, * 4 (7th Cir. June 18, 1996). Here, Slaton has confused judgment as a matter of law with the procedural requirements of summary judgment. See, e.g., Lewis v. Faulkner, 689 F.2d 100, 101-03 (7th Cir.1982). In contrast, where Slaton had completed presenting his case-in-chief to the jury, and had the opportunity to respond orally, the court had no obligation to entertain briefs regarding defendants' motion. Consequently, no due process violation occurred.
 
 
 4
 Slaton next maintains that the district court failed to construe his case by the liberal standards to which pro se litigants are entitled. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam ). We cannot evaluate this argument, however, without reviewing a trial transcript. Slaton has neither included a transcript in the record on appeal, nor filed a statement explaining his failure to do so. See Fed.R.App.P. 10(b)(1)-(3). Slaton, citing Fed.R.App.P. 10(c), counters that he is entitled to rely on his own statement of the evidence. Rule 10(c), however, requires an appellant to prepare a document containing the evidence and submit it to the district court for approval. Fed.R.App.P. 10(c). There is no evidence that Slaton has done so, and the pretrial documents and rulings in the record are alone insufficient to evaluate his claim. Because the absence of a complete record precludes meaningful appellate review, we have no alternative but to dismiss this claim. Fisher v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990). For the same reasons, we must dismiss Slaton's claim that the grant of judgment as a matter of law was substantively incorrect. LaFollette v. Savage, 63 F.3d 540, 544, supplemented by 68 F.3d 156 (7th Cir.1995).
 
 
 5
 Slaton also argues that he is entitled to a new trial[1] because the district court, after granting Slaton's pretrial motion to compel the production of documents, failed to follow up on his demand and insist that defendants produce the documents. We review a trial court's rulings on discovery for abuse of discretion. Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago, 38 F.3d 1429, 1439 (7th Cir.1994). Before trial, Slaton demanded work records from 1992-1993 for all inmate/employees at the Sign Shop, broken down by race. The district court granted Slaton's motion to compel the production of documents. Defendants requested--over Slaton's objection--an extension of time in which to produce the documents.[2] The district court apparently never ruled on Slaton's objection. Neither does the record reflect any further attempt by Slaton to pursue the requested documents. Then, while Slaton was presenting his case at trial, the defense volunteered a series of papers which, defendants explain, they thought were relevant to the questions Slaton was trying to ask. These documents, Slaton now insists, were precisely the ones he earlier requested, and he was ambushed by their tardy production at trial, giving him no time properly to review and assess the evidence they contained. The district court, he argues, should have responded to his objection to defendants' request for an extension of time and insisted that defendants produce the requested documents before trial. Had the court done so, Slaton maintains, the "ambush" would never have occurred.
 
 
 6
 Again, Slaton has provided neither a transcript of the trial proceedings at which the records were belatedly produced, nor a copy of the documents at issue. The record we do have suggests that Slaton remained silent on his request for the production of documents through the last three months leading up to the trial. More importantly, he approved and signed a pretrial order explicitly stating, "There are no pending motions." The order also stated that it superseded all previous pleadings, and that before signing the order, both parties had time to review it and suggest corrections. Having signed an order declaring that no motions were pending, Slaton cannot now complain that the district court failed to rule on a motion made before the order came into effect. He waived any complaint by failing to object to the pretrial order. Cf. United States v. Lindemann, No. 96-1188, 1996 WL 292101, * 3 (7th Cir. June 4, 1996).
 
 
 7
 Finally, Slaton contends that the district court should not have granted defendants an extension of time in which to file pretrial materials, giving him only two days before the final pretrial conference in which to review defendants' materials. We review the district court's ruling only for abuse of discretion. Reales v. Consolidated Rail Corp., 84 f.3d 993, 996 (7th Cir.1996). In the case at bar, Slaton never disputed defendants' contention that they needed the extension because their counsel became ill. Under such circumstances, the district court did not abuse its discretion in granting the extension. Moreover, Slaton still had nearly a month before trial in which to review the materials, and never requested an extension for himself.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Slaton actually claims that the district court should have granted his "motion for default" when defendants belatedly produced the documents. We construe this as a claim that the belated production of documents so prejudiced him that he is entitled to a new trial
 
 
 [2]
 Defendants now say that they later responded that no single document contained the information Slaton wanted, that available monthly payroll records did not indicate race, and they objected to creating such a document as Slaton requested. The record on appeal does not include defendants' statement. Assuming defendants' account is accurate, there is also no indication that Slaton responded