UNITED STATES COURT OF APPEALS

**Filed 12/20/96**

FOR THE TENTH CIRCUIT

ROBERT HICKS,

        Plaintiff-Appellant,

v.

DOUG NICHOLS, Creek County
Sheriff,

        Defendant-Appellee,

and

CREEK COUNTY BOARD OF
COUNTY COMMISSIONERS;
GEORGE ELLIOTT, Deputy Sheriff;
RON POWERS, Deputy Sheriff;
OTHER UNKNOWN DEPUTIES of
the Creek County Sheriff's Office,

        Defendants.

No. 95-5126
(D.C. No. 93-C-549-K)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff commenced a civil rights action pursuant to 42 U.S.C. § 1983 alleging, among other things, excessive force to effect his arrest. After the jury returned a verdict in favor of defendant Doug Nichols,[1] plaintiff moved for post-judgment relief, requesting both judgment as a matter of law pursuant to Fed. R. Civ. P. 50 and a new trial pursuant to Fed. R. Civ. P. 59. The district court denied relief, and this appeal followed. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291.

On appeal, plaintiff argues the district court erred in failing to grant post-judgment relief because the jury's verdict was contrary to the evidence. The district court denied judgment as a matter of law after determining the evidence presented to the jury was conflicting and a reasonable inference was possible that

_____

[**]     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

[1]     At the time of trial, all other claims had been decided.

excessive force either was or was not used. The district court denied a new trial because the verdict was not clearly, decidedly, or overwhelming against the weight of the evidence.

We review the denial of a motion for judgment as a matter of law de novo, construing evidence and inferences in favor of the nonmoving party. Doan v. Seagate Tech., Inc., 82 F.3d 974, 976 (10th Cir. 1996), petition for cert. filed, 65 U.S.L.W. 3342 (U.S. Oct. 15, 1996)(No. 96-625). We review the district court's denial of a motion for new trial under an abuse of discretion standard. Sheets v. Salt Lake County, 45 F.3d 1383, 1390 (10th Cir.), cert. denied, 116 S. Ct. 74 (1995). "We will reverse the denial of a motion for a new trial only if the trial court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Id. at 1390-91 (quotation omitted).

Under Fed. R. App. P. 10(a) and (b)(2), an appellant is charged with providing a sufficient record to review evidentiary findings or conclusions. The appellant must order and provide all portions of the transcript necessary to give the court of appeals a complete and accurate record of the proceedings related to the issue on appeal. King v. Unocal Corp., 58 F.3d 586, 587 (10th Cir. 1995)(citing 10th Cir. R. 10.1). Contrary to this clear mandate, plaintiff only ordered and submitted a transcript of the testimony of two witnesses, even though he also cites to the testimony of another witness and refers to his own testimony

and that of yet another witness in his appellate briefs. In addition, plaintiff failed to present any trial exhibits, despite citing to them.[2] Without a full trial transcript and the trial exhibits, the evidentiary record here is insufficient to permit assessment of plaintiff's claims of error, and we therefore must affirm. See McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir. 1992)(stressing importance and mandatory nature of court rules governing provision and use of transcripts); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992); see also LaFollette v. Savage, 63 F.3d 540, 544-45, 546 n.3 (7th Cir.)(where appellant provided only part of trial transcript and no trial exhibits, appellate court was unable to review denial of motions for judgment as matter of law or new trial), supplemented, 68 F.3d 156 (7th Cir. 1995); Woods v. Thieret, 5 F.3d 244, 245 (7th Cir. 1993)(court of appeals unable to review denial of motion for judgment as matter of law without trial transcript). Plaintiff's pro se status does not excuse him from complying with the applicable rules. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), cert. denied, 115 S. Ct. 750 (1995); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

---

[2] The district court's docket sheet indicates the exhibits were returned to the parties.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Arthur L. Alarcon
Circuit Judge