**In re Donna J. ERICSON, Debtor–Appellant.**

No. 01–2305.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 14, 2001.*

Decided Dec. 17, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. JOHN L. COFFEY, Hon. MICHAEL S. KANNE, and Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

Donna Ericson appeals the district court order affirming a bankruptcy court order granting fees to Philip Koenig, her previous attorney in her bankruptcy proceedings. We affirm.

In June 1998 Ericson hired Koenig as a real estate lawyer, but by July Koenig also began representing Ericson at her bankruptcy proceedings and continued representing her in those proceedings until his subsequent withdrawal in December. In February 2000 Koenig filed a petition in the still-ongoing bankruptcy proceedings for fees and costs as an administrative expense under 11 U.S.C. § 503(b) and for priority status under 11 U.S.C. § 507(a)(1). Along with his petition, Koenig submitted a detailed, nine-page invoice documenting his costs and the services he provided for Ericson in the bankruptcy proceedings. Koenig calculated fees at a rate $125 per

hour (even though he claims that he agreed to work for $150 per hour), added his costs, subtracted the retainer and other fees received, and arrived at his requested total of $15, 211.46. Along with Ericson, one of the creditors, First National Bank, objected to Koenig's petition on the grounds that some of Koenig's claimed services were not in the best interest of the estate or were not directly related to the bankruptcy proceedings.

After a hearing, the bankruptcy court concluded that $7155.00 was "a fair and reasonable amount of compensation" for Koenig's professional services in the bankruptcy proceedings. In arriving at this figure, the bankruptcy court added in Koenig's costs ($1955) and subtracted the retainer and other received fees ($2800), but significantly reduced the requested fees to $8000; thereby, reducing Koenig's compensation to $7155.00 from his requested amount of $15,211.46. The bankruptcy court also correctly classified Koenig's compensation as a priority claim under § 507(a)(1). *See Small v. Beverly Bank,* 936 F.2d 945, 950 (7th Cir.1991). Ericson filed a timely notice of appeal to the district court, but failed to designate items to be included in the record on appeal. Although the bankruptcy court granted Ericson a nearly two-month extension beyond the ten-day requirement to designate items for the record, *see* Federal Rule of Bankruptcy Procedure 8006, she never complied.

Accordingly, the district court decided the issue of Koenig's compensation based on the limited record before it. Ericson did not challenge any applicable law before the district court; rather, she argued that Koenig's performance did not warrant the amount of compensation the bankruptcy court awarded. Koenig argued that his invoice supports the award and that the amount is reasonable in light of the factors

delineated in 11 U.S.C. § 303(a)(1) for compensation in bankruptcy proceedings. These factors include "the nature, the extent, and the value of any such services, the time spent on such services, and the cost of comparable services." *See* § 303(a)(1). The district court found that the record sufficiently supported the amount of compensation awarded. Specifically, the district court explained that Koenig's invoice, which it found to be consistent with the docket sheet, provided the bankruptcy court with credible evidence on which to base the reduced award. We review the district court's decision to affirm the award of attorney fees for abuse of discretion. *See In re Bond,* 254 F.3d 669, 676 (7th Cir.2001).

In this appeal, Ericson again expresses her unmistakable dissatisfaction with Koenig's representation as well as dissatisfaction with her experiences in the bankruptcy and the district courts. Her briefs, however, do not provide us with any reasons to conclude that the district court abused its discretion in affirming the bankruptcy court's award. Ericson offers us only a collection of allegations and conclusions, all unsupported by the record, directed at Koenig and the bankruptcy court. The district court found that the limited record before it provided a reasonable basis for the award; Ericson provides no reasons or evidence to dispute this conclusion. Moreover, Ericson's failure to provide a complete record on appeal prevented the district court, and now prevents us, from evaluating the extent to which the bankruptcy judge relied on the § 303(a)(1) factors in calculating the award. *See La-Follette v. Savage,* 68 F.3d 156, 159 (7th Cir.1995) (explaining that appellants bear the responsibility of providing necessary records to evaluate their claims). Never-

theless, although Ericson references some of the § 303(a)(1) factors in her reply brief, she offers us no evidence why the award was unreasonable in light of any of them.

Accordingly, the judgment of the district court is AFFIRMED.