363 P.2d 1029

Rev. Raymond A. PAPE, Plaintiff-Appellee,

v.

Henry INGRAM and Leonard Talley, Elders of the East Second Street Church of Christ of Portales, New Mexico, an unincorporated, independent association, Defendants-Appellants.

No. 6604.

Supreme Court of New Mexico.

Aug. 3, 1961.

Mears & Mears, Fred Boone, Portales, for appellants.

Wesley Quinn, Morris Stagner, Clovis, for appellee.

BRAND, District Judge.

Plaintiff, a preacher, brought suit against the two surviving members of the Board of Elders of the Church of Christ at Portales, the third member having died, for damages of $12,800 for loss of wages and use of parsonage, expense of moving, damage to reputation, for malicious statements made against him and humiliation heaped upon him. He alleged that he had been hired for a two-year term as minister of the church and was to be paid $90 per week and

have free use of the parsonage of a rental value of $50 per month; that he expended $120 in connection with moving his household goods from Farwell, Texas, to Portales; that, while he was in the process of moving, the defendants without excuse terminated his contract and prevented him from taking possession of the parsonage.

Defendants answered by general denial. The case was tried to a jury which returned a verdict for plaintiff of $865, and the defendants took this appeal.

Plaintiff testified that the verbal agreement provided employment for not less than two years and that after such time the contract could be terminated by either party on giving the other 60 days' notice. The defendants admitted that a 60 day notice of cancellation was to be given in the event they became dissatisfied with plaintiff after he had started to preach for them, but denied that the employment was for any specified term, or that he had ever entered into their employment.

By its verdict the jury adopted the figure of $865 given by the Court in Instruction No. 7 (which see below), being the product of 8½ weeks (60 days) wages at $90 per week, plus two months' rent at $50 per month, with no allowance for expenses incurred by plaintiff in moving his household goods from Farwell to Portales. . It rejected plaintiff's contention that the term

of employment was to be for not less than two years.

Defendants complain of the refusal of the Court to allow an amendment of their answer, so as to allege fraud in procurement of the contract of employment. We believe the refusal was more apparent than real. While fraud had not been pleaded and their motion to be permitted to amend was denied, a great deal of testimony was received concerning plaintiff's employment history and numerous disagreements which had occurred between him and other churches for whom he had worked, and which defendants insist support their contention as to fraudulent conduct by plaintiff which induced their entry into the contract with him. Several instructions pertaining to and defining fraud were given by the Court, including No. 7 discussed below. In view of our disposition of this appeal it becomes unnecessary to consider this issue. Ample opportunity, however, should be afforded defendants at a new trial to make such timely motions for leave to amend as they see fit.

The only remaining error complained of which need be considered is found in Assignment No. 4 reading:

"4. The Court erred in giving Instruction Nos. 7 and 8 for the reasons that same are inconsistent and contradictory, and did not correctly advise the jury as to the proper measure of damages, if any, in this cause."

Our treatment of this point disposes of the appeal, making it unnecessary to comment on other points raised. The two instructions are:

"7. You are further instructed that if you find from a preponderance of the evidence in favor of the plaintiff on the issue of fraud, but find that there was a contract entered into between the parties, and if you further find from a preponderance of the evidence that the plaintiff has sustained no damage as a result of the firing, still you will return a verdict for plaintiff in this case in the sum of $865.00 since it was admitted by the defendants that the contract was to be terminated on sixty days notice."

"8. You are further instructed that if you find from a preponderance of the evidence introduced in this case that the plaintiff and the defendant entered into a contract whereby the plaintiff was to have been employed for a period of two years, and if you further find from a preponderance of the evidence that said contract was breached by the defendants then you may return a verdict for the plaintiff in such amount as you find him to have been injured thereby, or to compensate him for his loss if any was sustained. In this connection you are instructed that you are not to speculate or guess in fixing the amount of damages and in no event may damages be returned in excess of the sum of $12,800.00, that being the amount sought in plaintiff's complaint."

Defendants also attack the giving of Instruction 7 as an unjustified comment on the weight of the evidence, contending that a conflict existed as to the 60-day notice, whereas the Court instructed the jury that plaintiff's contention was admitted by defendants. They argue that they admitted that the 60-day notice was to be operative and binding *only after plaintiff started to preach at their church;* that he had never entered upon his duties as preacher, being prevented by them from doing so, and consequently the necessity for notice never arose.

A review of the testimony on this point persuades us that a dispute of fact existed as to this matter which should have been submitted to the jury for determination.

Moreover, Instruction Number 7 is not a correct statement of the law pertaining to the measure of damages in such a case. It fails to take into account the fact that damages should be reduced by what plaintiff earned during the 60-day period following his discharge or mitigated by what he should have earned. He testified as to having worked during some of this time at several pursuits. The applicable law is set forth in 35 Am.Jur., pp. 489, 490, as follows:

"It is a principle of the law of damages that all facts and circumstances which go to show a reduction in the amount necessary to compensate the plaintiff or account for injuries sustained by the breach of a contract may be shown in mitigation of damages. Accordingly, the amount of damages recoverable for an employer's breach of a contract of employment for a determinate period, by an employee who has been improperly dismissed before the expiration of the term of service, though prima facie an amount equivalent to the compensation stipulated for in the contract of employment, is to be reduced by the amount of any sums which previously were paid on account to the plaintiff under the contract of employment, and by the amount of actual earnings of the plaintiff from another employer during the remainder of the term of the contract, regardless of the nature of such employment, * * * It is a well-settled principle that upon the breach of a contract of employment calling for personal services by the wrongful discharge of the employee, the latter is required to use reasonable efforts to obtain other employment of like nature for the purpose of lessening or minimizing the damages. In short, in an action by a wrongfully discharged employee for the breach of his contract of employment the defendant employer may reduce the amount of the damages recoverable by whatever the plaintiff has earned or by reasonable diligence could have earned in other employment subsequent to his discharge. * * *."

This instruction amounted to an unwarranted comment on the evidence and was, in effect, an instructed verdict. It tells the jury that absent fraud plaintiff is entitled to a sum certain, but such a conclusion was erroneous. It also excluded any recovery for plaintiff's expenses incurred in moving from Farwell to Portales to accept the offered employment.

■ Instruction No. 8 is inconsistent with and contradictory to No. 7, as is readily apparent, and error was committed in submitting both to the jury. We do not, however, either approve or disapprove of Instruction No. 8 as such, not being called upon to do so, but in connection therewith would direct attention to what we have said above concerning Instruction No. 7.

For the reasons given, the judgment must be set aside and a new trial awarded, and

It is so ordered.

COMPTON, C. J., and CARMODY and MOISE, JJ., concur.