**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RITA SANCHEZ,

     Plaintiff-Appellant,

v.

MORA-SAN MIGUEL ELECTRIC
COOPERATIVE INC.; SUSANO
F. ORTIZ; H. FELIX VIGIL; JOANN
MARTINEZ; JOSEPH C. DE BACA;
ELIAS DURAN; CARLOS LOVATO;
HERMAN LUJAN; MARCELINO
ORTIZ; DAMACIO RIVERA;
FRANK ROYBAL; FRANK C.
TRAMBLEY; and ERNESTO
GONZALES, individually and in
their official capacities,

     Defendants-Appellees.

No. 98-2061
(D.C. No. CIV-96-1430-RPL/WWD)
(D. N.M.)

---

ORDER AND JUDGMENT *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10 th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff lost her job after her position was eliminated.  She then brought an action against defendants, the Mora-San Miguel Electric Cooperative, Inc., its general manager Ernesto Gonzales and individual members of the Board of Trustees for the Cooperative, alleging Title VII and state law retaliatory discharge claims and a breach of contract claim.  A jury found in favor of defendants on the retaliation claims and in favor of plaintiff on the breach of contract claim.  Before trial, on summary judgment, the district court [1] had ruled against plaintiff on the issue of back pay.  On appeal, plaintiff alleges errors in the jury instructions and in denial of back pay.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. BACKGROUND

In December of 1994, the Cooperative hired plaintiff as an engineer. In December of 1995, she filed a complaint with the New Mexico Human Rights Commission alleging retaliation against her because of her sex and/or because of

---

[1]     The summary judgment motions and the case were tried before the magistrate judge upon the consent of the parties.

-2-

a previous complaint. The New Mexico Human Rights Commission issued a finding of probable cause in support of the complaint on July 3, 1996. The Board, at its next scheduled meeting, on July 30, 1996, discussed whether there was a need for the engineering position that plaintiff held. After the meeting, Mr. Gonzales performed a cost analysis and recommended elimination of the position for economic reasons.

On August 29, 1996, the Board approved the recommendation. On September 3, 1996, Mr. Gonzales notified plaintiff of the elimination of the position, effective that day.

Thereafter, plaintiff filed this action, alleging that her position was eliminated in retaliation for filing the discrimination complaint. Also, she alleged that her employment contract had been breached because elimination of her position for retaliatory reasons was tantamount to termination of her employment without just cause. Both parties submitted motions for partial summary judgment on back pay and plaintiff's duty to mitigate her damages with respect to the retaliation claims. The court granted defendants' motion and denied plaintiff's motion, holding that even if plaintiff prevailed on her retaliation claims at trial, she would not be awarded back pay due to her failure to mitigate damages. The jury returned a verdict finding no retaliation, but that defendants

had breached plaintiff's employment contract. It awarded her back pay of $1700 and punitive damages of $3750.

## II. PRETEXT INSTRUCTION

Plaintiff first challenges jury instruction No. 11, which addresses pretext. She argues that the district court "erred by instructing the jury that [she] had to do more than rebut the pretext of a legitimate, nonretaliatory reason" proffered by defendants. Appellant's Br. in Chief at 10. Specifically, she objects to the instruction's direction that the jury was not to second guess the employer's decision and that the employer was not required to prove that it was actually motivated by the legitimate, nondiscriminatory reason it asserted. She argues that the instruction is contrary to the law set forth in St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993), because it requires proof of "pretext plus." St. Mary's rejected "pretext plus" by holding that a factfinder's rejection of the employer's proffered legitimate, non-discriminatory reason for its employment decision along with the prima facie case is sufficient to show retaliation and the plaintiff is not required to make an additional showing of retaliation. See id. at 511. Plaintiff further believes that the instruction prevented the jury from judging defendants' credibility when assessing pretext.

"We review a district court's decision to give a particular instruction for abuse of discretion." Medlock v. Ortho Biotech, Inc., 164 F.3d 545, 552

(10th Cir. 1999).  In determining whether the court properly instructed the jury on the applicable law, however, we review all of the instructions to determine if the jury was misled.    See id.  Also, "we consider all the jury heard, and from the standpoint of the jury, decide not whether the charge was faultless in every particular, but whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine these issues."    King v. Unocal Corp. , 58 F.3d 586, 587 (10th Cir. 1995) (quotations omitted).  We therefore will reverse a jury instruction error only if we determine any error is prejudicial after reviewing either the record as a whole or record excerpts sufficient to determine the issue.    See id.

## A.  ADEQUACY OF THE RECORD

In this case, we must first determine whether we have an adequate record to decide this issue.    See id.  Defendants argue that we do not because plaintiff's appendix failed to include all of the jury instructions and contained only limited excerpts of the trial transcript.    Cf. Roberts v. Roadway Express, Inc.    , 149 F.3d 1098, 1109 (10th Cir. 1998) (determining objections to jury instructions could not be considered where appellant failed to provide instructions or complete record of proceedings on which instructions were based).  Although plaintiff did not include all of the jury instructions as is required,     see 10th Cir. R. 10.3(C)(6) (formerly 10th Cir. R. 10.3.1(e)), defendants filed a supplemental appendix

including all instructions, see 10th Cir. R. 30.2(a)(1) (formerly 10th Cir. R. 30.2) (permitting appellee to file appendix including items appellee believes should have been included in appellant's appendix). Plaintiff provided excerpts of the transcript she believed were necessary to decide this issue. Defendants included additional excerpts, which presumably they believe are sufficient for consideration and determination of this issue. [2] Because defendants have provided us with additional portions of the trial transcript and the complete jury instructions, we conclude we have a sufficient record and therefore will consider plaintiff's challenge to the jury instruction. Cf. United States v. Stoner, 98 F.3d 527, 530 (10th Cir. 1996) (although court is not required to consider challenge to evidence when appellant fails to provide trial transcript, court did so because government supplemented record with portions of trial transcript), adhered to in part on reh'g, 139 F.3d 1343 (10th Cir.), cert. denied, 119 S. Ct. 403 (1998).

B. MERITS

Proceeding to the merits, we first consider the relevant burdens of proof in retaliation actions. The three-step approach to discrimination claims set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), and Texas

---

[2] Neither plaintiff nor defendants provided any excerpts of plaintiff's trial testimony. Although defendants argue that plaintiff should have provided this testimony, they fail to indicate why it is necessary for the determination of this issue. We conclude that it is not needed.

Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981), also applies to retaliation claims. See Berry v. Stevinson Chevrolet, 74 F.3d 980, 985 (10th Cir. 1996). First, the plaintiff must set forth a prima facie case of retaliation by establishing (1) she engaged in a protected activity; (2) her employer took adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action. [3] See McCue v. Kansas, 165 F.3d 784, 789 (10th Cir. 1999).

If the plaintiff meets this burden, the burden of production shifts to the defendant to present evidence of a legitimate, nonretaliatory business reason for its decision. See Berry, 74 F.3d at 986; Sauers v. Salt Lake County, 1 F.3d 1122, 1128 (10th Cir. 1993). If the defendant produces such evidence, the burden then returns to the plaintiff to show by a preponderance of the evidence that the defendant's proffered reason was a mere pretext for retaliation. See McCue, 165 F.3d at 789; see also Randle v. City of Aurora, 69 F.3d 441, 451-52 (10th Cir. 1995) (citing Burdine, 450 U.S. at 256) (plaintiff may meet burden by showing employer's offered reason is unworthy of credence). The ultimate burden of

---

[3] Defendants argue that plaintiff failed to present a prima facie case. Because the court submitted the case to the jury, we assume that plaintiff did. Cf. United States Postal Serv. Bd. v. Aikens, 460 U.S. 711, 714-15 (1983) (where defendant does everything required of him as if plaintiff made prima facie case, whether plaintiff actually did so is irrelevant because factfinder could determine ultimate question of whether defendant intentionally discriminated against plaintiff).

persuading the jury that the defendant retaliated against the plaintiff always remains with the plaintiff. See St. Mary's , 509 U.S. at 507, 511, 518.

The parties agree that the district court correctly instructed the jury as to these three steps. [4] Jury instruction No. 11, the instruction in question, provided further explanation of the burdens applicable after plaintiff made a prima facie case. It provided:

> A legitimate, non-retaliatory reason is any reason or explanation unrelated to [plaintiff's] participation in protected

---

[4] Instruction No. 10 provided:

> To establish a *prima facie* case of retaliation under Title VII or the New Mexico Human Rights Act, [plaintiff] must show the following:
>
> 1. Participation in an activity protected by Title VII or the New Mexico Human Rights Act;
>
> 2. Adverse action by an employer contemporaneous with or subsequent to the employee's protected activity; and
>
> 3. A causal connection between such activity and the employer's action.
>
> If a *prima facie* case is established, the Defendant Cooperative must articulate a legitimate non-retaliatory reason for the adverse action. Once the Cooperative articulates its reason, [plaintiff] must demonstrate by a preponderance of the evidence that the articulated reason was a mere pretext for retaliation.

Appellant's App. at 105.

activity.  In considering the legitimate non-retaliatory reason stated by the Cooperative for its decision, you are not to second guess that decision or to otherwise substitute your judgment for that of the Cooperative.

In this case, the ultimate burden of persuading the jury that the Cooperative intentionally discriminated against [plaintiff] because she filed a charge of discrimination remains at all times with the Plaintiff.  The Defendant is therefore not required to prove that its decision was actually motivated by the legitimate, non-retaliatory reason.

Appellant's App. at 106.

In challenging the last sentences in both paragraphs of instruction No. 11, plaintiff argues the instruction requires proof of "pretext plus."  Also, she argues that the instruction effectively tells the jury it may not disbelieve defendants and decide that the elimination of the position was pretext and effectively relieves defendants of any exposure.    See Appellant's Br. in Chief at 13-14.  Plaintiff believes that she could successfully attack the credibility of her former employer's reason, but defendants could still avoid liability.  Thus, plaintiff maintains that the instruction prevents the jury from judging the employer's credibility when determining pretext.

We disagree with plaintiff's challenges to the two sentences.  Instruction No. 11 properly stated that the jury should not second guess the Cooperative's decision to eliminate the position for economic reasons.    Cf. Beaird v. Seagate Tech., Inc. , 145 F.3d 1159, 1169 (10th Cir.) (stating in Age Discrimination in

Employment Act (ADEA) case that business decision need not be wise; it must only be nondiscriminatory),   cert. denied , 119 S. Ct. 617 (1998);   Faulkner v. Super Valu Stores, Inc.  , 3 F.3d 1419, 1427 (10th Cir. 1993) (indicating in ADEA case that courts will not second guess business decisions without evidence of impermissible motives shown by plaintiff);   see also  Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit ¶5.94, at 194 (1998) ("You may not return a verdict for plaintiff just because you might disagree with defendant's (decision) or believe it to be harsh or unreasonable.") (footnote omitted).  In meeting their burden, defendants were not required to "'persuade the [jury] that [they were] actually motivated by the proffered reasons.'"   St. Mary's , 509 U.S. at 510 (quoting   Burdine , 450 U.S. at 254);   see also  Considine v. Newspaper Agency Corp.  , 43 F.3d 1349, 1363 (10th Cir. 1994) (defendant does not have to prove merits of reason or that it was bona fide).

Also, the instructions, read as a whole, did not require a showing of "pretext plus."  As is required, the instructions properly stated that plaintiff had the burden of challenging the legitimate, nonretaliatory reason offered by defendants to prove pretext and that she had the ultimate burden of proving retaliation.  If she disproved the reasons offered by defendants, the instructions did not require her to produce additional evidence of discrimination to prevail.  Rather, the jury was permitted to determine which parties' explanation of the

-10-

employer's motivation to believe.     See St. Mary's , 509 U.S. at 519;  Berry , 74 F.3d at 987. [5]

Nothing precluded the jury from scrutinizing defendants' decision to determine whether it was so questionable that it was a pretext for discrimination. See Beaird , 145 F.3d at 1169;   see also  Sanchez v. Philip Morris Inc.   , 992 F.2d 244, 247 (10th Cir. 1993) (business decision relevant only insofar as it relates to employer's motive with respect to alleged illegal conduct).  The instruction correctly placed the burden upon plaintiff to prove that retaliation was the motivating factor in the elimination of the engineer position.     See Mason v. Oklahoma Turnpike Auth.   , 115 F.3d 1442, 1455 (10th Cir. 1997).

Although jury instruction No. 11 is not a model of clarity, it is not contrary to other jury instructions which are more informative and more clear.  For example, one set of pattern jury instructions provides, in relevant part, as follows:

> If you determine that the plaintiff has made out a prima facie case of [retaliation], the burden shifts to the defendant to either

---

[5]     The district court could have instructed the jury that its     "disbelief of the reasons put forward by . . . defendant[s] . . . may, together with the elements of the prima facie case, suffice to show intentional discrimination" and that "rejection of the defendant's proffered reasons, will     *permit* the trier of fact to infer the ultimate fact of intentional discrimination."     St. Mary's , 509 U.S. at 511; see Randle , 69 F.3d at 451 (after rejecting defendant's proffered reason, jury may find illegal discrimination upon nothing more than prima facie case and pretext)     . Failure to give such an express instruction, however, did not improperly require plaintiff to show "pretext plus."

disprove an element of the plaintiff's case, or to articulate a legitimate non-discriminatory reason for his action.

5 Leonard B. Sand et al., Modern Federal Jury Instructions ¶87.01, at 87-76 (1998).

> The defendant in this case has stated a legitimate, [non-retaliatory] reason . . . . By doing so, the defendant has met his burden of producing some explanation of his actions other than discrimination. It is not necessary that the reason be a good one, or even that you believe it to be true. All the defendant need do is state a reason other than [retaliation] for his action. It is the plaintiff's obligation to disprove that it was the reason for the defendant's action, not the defendant's burden to convince you that it was his reason.

> By meeting this intermediary burden, the defendant shifted the burden of persuasion back to the plaintiff.

Id. at 87-83.

> The plaintiff has introduced evidence that the defendant's articulated reason for his action is nothing more than a pretext for [retaliation]. In other words, the plaintiff has introduced evidence to show that the defendant's reasons are not the true reasons why the defendant took adverse action(s) against the plaintiff, that such reasons are unworthy of belief and that the true reason for the adverse action(s) was [retaliation].

> When you consider the plaintiff's evidence that the reason advanced by the defendant is pretext, keep in mind that the relevant question is whether the defendant's reason was not the real reason for his actions. The question is not whether the defendant's reason showed poor or erroneous judgment. You are not to judge the defendant's wisdom. An employer is entitled to make an employment decision for a good reason, a bad reason or no reason at all, so long as the decision is not motivated by unlawful [retaliation]. However, you may consider whether the defendant's reason is merely a cover-up for [retaliation]. . . . You also should carefully evaluate

any subjective reasons that the defendant has asserted for taking the action(s) against the plaintiff that it did in deciding whether the plaintiff has met his burden of proof.

It is the plaintiff's burden to persuade you, by a preponderance of the evidence that the defendant took the adverse action(s) against the plaintiff because of [retaliation]. If you do not believe the defendant's explanations for its action(s), then you may infer, but need not infer, that the plaintiff has satisfied his burden of proof that the defendant intentionally [retaliated] against him. . . .

Id. at 87-86.

In Mason, 115 F.3d at 1454-55, this court upheld a challenged pretext

instruction in a political patronage and/or retaliation case. In part, the instruction

provided:

The Defendants in this case allege that the Oklahoma Turnpike Authority had a legitimate reason for terminating the Plaintiff, i.e., an agency reorganization. The Defendants do not bear the burden of proof with respect to the reason for terminating the Plaintiff. Thus, the Plaintiff can prevail only if he proves, by a preponderance of the evidence, that political patronage was a substantial or motivating factor in the decision to terminate him, in addition to any legitimate, non-discriminatory reasons.

If you find that the stated reasons given by the Defendants are inconsistent or implausible . . . then you may conclude that the offered explanation is a mere pretext for political patronage. If you find pretext, you may also infer that political patronage was a substantial or motivating factor in the employment decision; though you are not required to draw such an inference.

If you do not find that the Defendants' explanations were a mere pretext, you must still consider whether political patronage was a determining factor in the Plaintiff's termination.

The Plaintiff is not required to prove that political patronage was the sole motivation or the primary motivation for the Defendants' decision to terminate his employment. The Plaintiff need only prove that political patronage was a substantial or motivating factor in the decision to discharge him.

Id. at 1454-55. This court determined these instructions properly placed the burden of proof on the plaintiff to prove that political patronage and/or retaliation was a substantial motivating factor in the employment decision. See id. at 1455. Furthermore, the instructions permitted the jury to determine an illegitimate motive existed if it rejected the defendant's proffered reason for the employment decision. See id.; see also Provencher v. CVS Pharmacy, 145 F.3d 5, 9 (1st Cir. 1998) (upholding retaliation instruction that placed burden on plaintiff to prove that he was fired for retaliatory reason, even though some language in instruction was problematic). Likewise, the instruction here properly placed the burden on plaintiff and was not infirm.

We also reject plaintiff's argument that instruction No. 11 precluded the jury from considering defendants' credibility. The instructions as a whole informed the jury it could choose to disbelieve the legitimate, non-retaliatory reason proffered by defendants. See Appellees' Supp. App. at 263, 281

-14-

(instructing jury that it was sole judge of disputed facts and that it was judge of credibility of witnesses and weight to be given witnesses' testimony). [6]

We conclude that the jury instructions as a whole accurately stated the burdens of proof and that the jury was not misled.  Accordingly, we further conclude that there was no prejudice to plaintiff.     See McCue., 165 F.3d at 790.

## III.  BACK PAY AND MITIGATION

Plaintiff argues that the district court erred in granting summary judgment on the issue of back pay and mitigation with respect to the retaliation claims. Plaintiff believes that defendants did not meet their burden of proving that she did not sufficiently mitigate her damages by seeking other relevant work.  Also, she contends that mitigation is a jury issue, not appropriate for disposition on summary judgment.

Back pay is permitted to provide equitable relief for Title VII violations. See id. at 791-92 (citing 42 U.S.C. § 2000e-5(g)).  Inasmuch as plaintiff did not prevail on her retaliation claims, she would not be entitled to back pay.

---

[6]     Plaintiff suggests that the jury necessarily rejected defendants' alleged nondiscriminatory reason that they eliminated the position for economic reasons because the jury found for plaintiff on the breach of contract claim.  We do not agree.  The jury could find that defendants breached the contract without determining that they retaliated against her.  The jury may have believed the evidence indicating that plaintiff was insubordinate and had performance problems.

Accordingly, this issue is moot, and we do not address its merits. See Jones v. Temmer, 57 F.3d 921, 922 (10th Cir. 1995) (exercise of judicial power requires controversy and federal courts will not render advisory opinions).

## IV. MITIGATION INSTRUCTION

Lastly, plaintiff argues that the district court erred in instructing the jury that it could award damages for breach of contract only after September 27, 1997, the date of the summary judgment order, [7] and thereby precluded the jury from considering and awarding damages from the termination of her employment. Because mitigation of damages for breach of contract is an affirmative defense, defendants bear the burden of proving that plaintiff failed to mitigate her damages. See Board of Educ. v. Jennings, 701 P.2d 361, 363 (N.M. 1985). Defendants must prove plaintiff failed to exercise reasonable diligence to minimize her damages by seeking the same type and grade of employment from which she was discharged. See id. (wrongfully discharged teacher); Pape v. Ingram, 363 P.2d 1029, 1031 (N.M. 1961).

From September 3, 1996, to September 27, 1997, plaintiff's efforts to find relevant work consisted of making three telephone calls to other electric cooperatives, making one telephone call to the New Mexico Highway Department,

_____

[7] The district court actually entered the summary judgment order on September 22, 1997.

-16-

and giving her resume to the New Mexico Department of Labor to forward to Intel Corporation. These efforts all occurred in September of 1996. The record does not indicate that she sought comparable employment in any geographical area after that date and through September 27, 1997. Just as the district court determined as a matter of law that plaintiff failed to make reasonable efforts to mitigate her damages before September 27, 1997, with respect to the retaliation claims, we too determine as a matter of law that plaintiff failed to make reasonable efforts to mitigate her damages before September 27, 1997, with respect to the breach of contract claim. We therefore conclude defendants met their burden of proof and the district court did not err in instructing the jury that it could award damages for breach of contract only after September 27, 1997.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. Plaintiff's motion to file a supplemental appendix is GRANTED.

Entered for the Court

Robert H. Henry
Circuit Judge

-17-