Jerry L. KING, Plaintiff–Appellant,

v.

UNOCAL CORPORATION, a California corporation, Defendant–Appellee.

No. 94–7081.

United States Court of Appeals, Tenth Circuit.

June 30, 1995.

Submitted on the briefs: *

Stephen D. Colbert, Colbert Law Offices, Ardmore, OK, for plaintiff-appellant.

David W. Lee and Gayla I. Fields, Lee, Collins & Fields, P.C., Oklahoma City, OK, for defendant-appellee.

Before ANDERSON and BALDOCK, Circuit Judges, and BROWN, District Judge.**

BALDOCK, Circuit Judge.

Appellant Jerry L. King appeals from a jury verdict in favor of Appellee Unocal Corporation alleging error in the instructions submitted to the jury. We exercise jurisdic-

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

** The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

tion under 28 U.S.C. § 1291 and dismiss the appeal.

We glean the following facts from Appellee's supplemental appendix.[1] In February 1977, Appellant, an African–American male, began working for Appellee as a Production Technician in Carter County, Oklahoma. In July 1992, Appellant was injured on a company golf outing and notified Appellee of his injury pursuant to § 24.2 of the Oklahoma Worker's Compensation Act, Okla.Stat. tit. 85, § 24.2. In September 1992, Appellee fired Appellant during a company-wide restructuring.

In September 1993, Appellant sued Appellee for alleged unlawful employment practices. Specifically, Appellant alleged Appellee discriminated against him, and ultimately terminated him based upon his: (1) race, in violation of 42 U.S.C. §§ 2000e–2; (2) physical disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–14; and (3) lawful exercise of rights under Oklahoma's Worker's Compensation Act, in violation of Okla.Stat. tit. 85, §§ 5–7.

The parties consented to have a United States Magistrate Judge try the case. The trial commenced in May 1994 and resulted in a jury verdict in favor of Appellee on all issues. This appeal followed.

On appeal, Appellant contends the magistrate judge improperly instructed the jury on issues not relevant to his ADA claim. Specifically, Appellant contends the magistrate judge erred by instructing the jury on the meaning of "reasonable accommodation," "undue hardship," "essential functions," and "threat to the health and safety of others" because none of these terms were relevant to issues and evidence presented to the jury in the instant case.

■ When reviewing a claim that the court improperly instructed the jury, " 'we consider all the jury heard, and from the standpoint of the jury, decide not whether the charge was faultless in every particular, but whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine these is-

sues.' " *Considine v. Newspaper Agency Corp.*, 43 F.3d 1349, 1365 (10th Cir.1994) (quoting *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1549 (10th Cir.1993)). "An error in jury instructions will mandate reversal ... only if the error is determined to have been prejudicial after reviewing the record as a whole." *Brown v. Wal–Mart Stores, Inc.*, 11 F.3d 1559, 1564 (10th Cir.1993); *see also Shamrock Drilling Fluids, Inc. v. Miller*, 32 F.3d 455, 459 (10th Cir.1994) ("We review the jury instructions as a whole, in light of the record....").

■ Thus, in order to review an alleged error in the court's admission or exclusion of a jury instruction, we must have a proper record before us. *See Harris Mkt. Research v. Marshall Mktg. and Communications, Inc.*, 948 F.2d 1518, 1528 (10th Cir.1991) (court declines to consider jury instruction challenge "in the absence of a record containing those portions of the transcript on which the parties rely."). It is the appellant's responsibility to provide us with a proper record on appeal. Fed.R.App.P. 10(b)(2); *Yarrington v. Davies*, 992 F.2d 1077, 1080 (10th Cir.1993). The appellant must "order and provide all portions of the transcript necessary to give the court of appeals a complete and accurate record of the proceedings insofar as such proceedings relate to the issues raised on appeal." 10th Cir.R. 10.1. In a case involving a jury instruction challenge, the appellant must submit "a copy of the pages of reporter's transcript at which the ... instruction ... and any necessary objection are recorded." 10th Cir.R. 10.3.2. Counsel must "see that the record excerpts are sufficient for consideration and determination of the issues on appeal and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility." *Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979 (10th Cir.1992) (quoting General Order, 10th Cir., October 25, 1990, p. 5).

■ Contrary to the clear dictates of 10th Cir.R. 10.1, Appellant did not provide us with a transcript or excerpts of the proceedings below specifically detailing the evidence adduced at trial. As a result, we cannot "con-

---

1. Appellant did not provide us with a transcript    or other portion of the record detailing the facts.

sider all the jury heard," *Considine,* 43 F.3d at 1365, and thereby have no way of determining whether the court properly submitted the challenged instructions to the jury in light of the evidence presented at trial. *See Miller,* 32 F.3d at 460 (court reviews record to determine whether jury instruction was warranted in light of the evidence presented at trial). Further, Appellant did not comply with 10th Cir.R. 10.3.2 because he failed to provide us with a copy of the pages of transcript containing his objections to several of the challenged instructions. Because Appellant did not provide us with a proper record, we cannot review his appellate issue. *Harris Mkt. Research,* 948 F.2d at 1528. Accordingly, we DISMISS the appeal.

It is so ordered.