**NOTE: Attachments not available electronically.**

_____

| | | |
|---|---|---|
| JIMMIE D. OYLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 95-3283 |
| | ) | (D.C. No. 92-CV-2104) |
| UNITED STATES OF AMERICA, BRUCE BABBITT, | ) | (D. Kansas) |
| Secretary of the United States Department of Interior, | ) | |
| BUREAU OF INDIAN AFFAIRS, of the United States | ) | |
| Department of the Interior; WILLIAM R. BANDY, | ) | |
| BARBARA BALLENGER, a/k/a Barbara Ann Ballengaer | ) | |
| Beckham; TOMMY LEE BECKHAM, GEORGE BLAIR, | ) | |
| ALMA DICY BLAIR, ESTATE OF HOUSTON BLAIR, | ) | |
| SYBIL BLAIR, ALICE MAXIE COHEN BOWLAN, | ) | |
| ESTATE OF TILFORD BOWLAN, MARY BRANNAN | ) | |
| BOYLES, A. H. BOYLES, ESTATE OF CHARLES | ) | |
| FRANKLIN BRANNAN, FRANCES HANDY | ) | |
| BRANNAN, a/k/a Frances Handy Brannan Wallace, | ) | |
| a/k/a Frances Hanley Brannan; GLENN CLYDE | ) | |
| BRANNAN, DELPHIA PARRETT BRANNAN, | ) | |
| ROBERT CLARK BRANNAN, WANDA BRANNAN, | ) | |
| BARBARA BLAIR BURKE, NAOMI LOUISE | ) | |
| EMERSON CASEY, ESTATE OF ADA COWAN, | ) | |
| J. M. COWAN, BEVERLY A. BALLENGER COX, | ) | |
| ESTATE OF R. H. CROTZER, ESTATE OF WILLIAM | ) | |
| F. CURREY, JR., a/k/a Bill Currey; DICK CURREY, | ) | |
| JIMMY CURREY, ESTATE OF W.F. CURREY, | ) | |
| ERNESTINE HALL, a/k/a Ernestine Hall DeMoss; | ) | |
| HAROLD DEMOSS, ESTATE OF J. GERALD ELROD, | ) | |
| ESTATE OF MARY S. ELROD, ESTATE OF JACKSON | ) | |
| EMERSON, MORGAN EMERSON, VICTOR J. | ) | |
| EMRESON, JANICE SPARKMAN, a/k/a Janice Sparkman | ) | |
| Graham; JERRY GRAHAM, ESTATE OF BENJAMIN E. | ) | |
| HALL, a/k/a Ben Hall; ESTATE OF DELLA TANNER | ) | |
| HALL; ESTATE OF EDITH SMITH HALL, ESTATE OF | ) | |
| FRANK HALL, ESTATE OF MAY HALL, BILLY | ) | |
| WAYNE HAMIL, PATSY LULOU KELLER | ) | |
| HEADRICK, OCIE LOIS BLAIR HOLLOWAY, | ) | |

JEFFREY WILSOX HURT, ESTATE OF EDNA MARIE )
ANGEL JENSEN, ED JENSEN, FEROL E. SPARKMAN )
JINGST, ESTATE OF ETHELYNE HALL KELLER, )
ESTATE OF HOMER KELLER, ROBERT H. KELLER, )
JAN KELLER, JACK HALL KELLER, BETTY )
KELLER KRETCHMAR, BERNARD E. KRETCHMAR, )
ANNA LOUISE PATTERSON KRUSE, ESTATE OF )
HALLIE HALL, a/k/a Hallie Hall Kulchinski; ESTATE )
OF ERWIN KULCHINSKI, MILDRED NADINE B. )
LADUKE, REBECCA BRANNAN DAVIS LOYD, )
JAMES LOYD, EDNA MAE SPARKMAN MARSHALL, )
WILLIAM FRANKLIN MARSHALL, MYRTLE )
NEVADA HAMIL MCLAUGHLIN, a/k/a Lavada )
Hamil McLaughlin;JEANNE REE HURT MULLINS, )
THELMA MARIE BALLENGER MURPHY, ROY )
MURPHY, DONALD RICHARD OYLER, PATRICIA )
J. HOLLIS PARKER, ESTATE OF PAT PATTERSON, )
ESTATE OF RONALD PATTERSON, LEAH ALICE )
EMERSON PRUSA, MARY ANN CURREY, a/k/a )
Mary Ann Currey Purdum; MYRTLE F.L.S. ROBERTS, )
a/k/a Myrtle Sparkman Roberts; DAVID SPARKMAN, )
RONALD SPARKMAN, RUBY SPARKMAN, L. D. )
SPIRES, THOMAS D. STEPHENSON, W. T. )
STEPHENSON, JILL KELLER THOMAS; C. J. )
THOMAS, DOROTHY S. TODD, ESTATE OF FLORA )
A. TODD, JOHN R. TODD, CHARLES H. TODD, JR., )
ESTATE OF JOHN WAGNER, ESTATE OF LOIS TODD)
WAGNER, HERBERT WILCOX, GEORGE FREDRICK )
WILLIAMS, ALMA SPARKMAN HERSHMAN, )
a/k/a Alma Sparkman Hershman Wilson; HAROLD W. )
WILSON, JOAN KELLER ZEMAN, EARL W. ALLEN, )
JEFFREY MORGAN BLAIR, DONNA BLAIR, )
CHRISTOPHER H. BLAIR, DEBORAH BLAIR, CECIL )
CASEY, JIM COOMBES, DELLA M. COWAN, ALICE )
CRUMBLISS, SHARON CURREY, CAROL EMERSON,)
WILLIE RICHARD HAMIL, ELIZABETH L. HAMIL, )
RONALD K. HEADRICK PATRICIA E. HURT, PATTY )
KELLER, KARL E. KRUSE, VERNON KULCHINSKI, )
ROSS BOB MULLINS, CAROLYN OYLER, RAYMOND)
PRUSA, ESTATE OF MYRTLE HALL SEBERT, )
EVERETT SEBERT, CORNELIA SPARKMAN, )
GLENDA SPARKMAN, MARLENE SPARKMAN, )
KENNETH ROY SPARKMAN, MELBA MAVIS )
HAMIL SPIRES, a/k/a Melba Leona Hamil Spires; )

NANCY TAYLOR, CAROL TODD, ROBIN KECK )
TODD, TYRELL S. WILLCOX, MELVIN ZEMAN, )
JOHN DOE, MARY ROE, SAMMY DALE )
BALLENGER, FRANCIS BAUER, MARY B. BAUER, )
MARY JANE CASH, EMOGENE F. CHASTAIN, a/k/a )
Emogene Satterwhite; ELLIS W. COWAN, NOBLE E. )
COWAN, SYDWELL W. COWAN, MARGARITTE P. )
CURREY, PAT CURREY, MARY S. ELROD, ZELMA )
KULCHINSKI, MARY E. MARTIN, ROY L. MILLER, )
JEANNETTE S. NAPHY, JOAN L. PATTERSON, )
LINDA SUE PATTERSON, RICHARD EUGENE )
PATTERSON, RODNEY SMITH, SANDRA JENSEN )
SMITH, DAVID K. VEAL, ROBIN PATTERSON VEAL,)
ADA DEER, Assistant Secretary of the Interior for Indian )
Affairs; JOYCE RAY JENKINS COOMBES, DIXIE )
LEE JENKINS BANDY, )
)
       Defendants-Appellees. )

--------------------------------

**ORDER AND JUDGMENT**[*]

--------------------------------

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

--------------------------------

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Oyler is a pro se litigant who lost his civil case in the trial court and now appeals that

--------------------------------

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

judgment to this court. We exercise jurisdiction and affirm.

Mr. Oyler commenced this action seeking to establish his title to real property by adverse possession and requesting partition. The trial court bifurcated the trial and after the first phase of the trial denied Mr. Oyler's claims for adverse possession. The parties then stipulated as to ownership and the trial court appointed three commissioners for the purposes of appraisal and division of the property. Following hearings, the trial court entered its order partioning the land in kind and ordered various supplemental relief.

Mr. Oyler appeals these orders raising ten issues. The issues are summarized by stating Mr. Oyler vehemently asserts the trial court incorrectly decided the facts and misapplied the law.

We begin our review by noting Mr. Oyler has failed to provide transcripts of the numerous evidentiary hearings and of the trial. We summarize briefly Mr. Oyler's arguments in this regard as it typifies the content of his brief. Mr. Oyler contends it is Appellees' responsibility to furnish transcripts. He cites us to Fed. R. App. P. 10(b)(3) which provides the appellee may file "additional transcripts". He accuses Appellees of sitting on their hands and doing nothing. Mr. Oyler asserts Appellees "have failed to be vigilant and have slumbered in this matter in all respects."

Mr. Oyler misperceives the law. It is appellant's responsibility to provide the Court of Appeals with the proper record on appeal. *King v. Unocal Corp.*, 58 F.3d 586, 587 (10th Cir. 1995). Neither this court nor the appellees have any responsibility to secure the transcripts from the court

reporter.

Without a transcript to review, this court must accept the trial court's findings of fact. We are unable to review a trial court's findings of fact without a transcript of the testimony. Without this transcript we are unable to determine whether the trial court's findings were supported by the evidence or not and under these circumstances we have no alternative but to accept the trial court's factual findings. We must therefore conclude the trial court's findings of fact are proper. The basic facts found by the trial court may be read at 1993 WL 105119 as this decision was not reported in the Federal Supplement.

Mr. Oyler's arguments as to the applicable law are predicated in large part upon the assumption the trial court's factual findings are incorrect. Nevertheless, we feel we should specifically address one issue raised by Mr. Oyler. The trial court found certain purported conveyances of restricted interests in the real property to Mr. Oyler had not been approved by the Bureau of Indian Affairs and it concluded it had no jurisdiction to approve these prior conveyances of the restricted interests as the exclusive jurisdiction to approve these conveyances rested with the Bureau of Indian Affairs. See *Oyler v. United States,* 1993 WL 105119 *(*D. Kan. Apr. 2, 1993*).* Mr. Oyler contends this ruling was erroneous as a matter of law. Based upon the facts found in this case, we affirm this ruling of the district court for substantially the same reasons set forth by the trial court therein.

We have considered all of the issues raised by Mr. Oyler and we have not been persuaded

the trial court erred.

The judgment of the district court is **AFFIRMED**.

**ENTERED FOR THE COURT:**

**WADE BRORBY**
United States Circuit Judge
