F I L E D
United States Court of Appeals
Tenth Circuit

MAR 3 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LOIS KAY STEERE,

Plaintiff-Appellant,

v.

JEPPESEN SANDERSON, also known
as Jeppesen Sanderson, Inc.,

Defendant-Appellee.

No. 96-1050
(D.C. No. 94-B-2289)
(D. Colo.)

ORDER AND JUDGMENT*

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,** District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**      Honorable Robin J. Cauthron, District Judge, United States District Court
for the Western District of Oklahoma, sitting by designation.

Defendant terminated plaintiff's employment. In response, plaintiff commenced this action alleging sex discrimination in violation of 42 U.S.C. §§ 2000e-2000e-17 and state law claims of breach of an implied contract of employment and public policy wrongful discharge.[1] After trial to the court, the district court made findings of fact and conclusions of law and entered judgment in favor of defendant. On appeal, plaintiff argues (1) the district court erred in determining that she did not prove sex discrimination; (2) the district court erred in concluding defendant did not breach provisions of its human resources manual; and (3) the district court erred in concluding her termination did not violate public policy. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's findings of fact for clear error and its conclusions of law de novo. See Pierce v. Underwood, 487 U.S. 552, 558 (1988). When reviewing findings of fact, we consider the record in its entirety. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In conducting de novo review, "no form of appellate

---

[1]     Plaintiff also raised other claims, but she does not challenge the district court's disposition of those claims on summary judgment.

deference is acceptable." Salve Regina College v. Russell, 499 U.S. 225, 238 (1991) (discussing de novo review of state law determinations by district courts).

Plaintiff first argues that the district court erred in determining that she did not prove sex discrimination. Plaintiff maintains that the reason defendant offered for her termination, that her department was overstaffed, was pretext.

Under Fed. R. App. P. 10(b)(2), an appellant is charged with providing a sufficient record to review evidentiary findings or conclusions. The appellant must provide all portions of the transcript necessary to give the court of appeals a complete and accurate record of the proceedings related to the issue on appeal. See King v. Unocal Corp., 58 F.3d 586, 587 (10th Cir. 1995) (citing 10th Cir. R. 10.1). Plaintiff recognizes that all evidence must be considered to determine whether defendant's explanation for her termination was pretext and whether she was discriminated against on the basis of sex. See Appellant's Opening Br. at 9, 13, 16. Contrary to the clear mandate to provide the record and her recognition that a review of all of the evidence is needed, plaintiff provided for our review only four trial exhibits and seventeen pages of the transcript of the two-day trial.[2] Based on those seventeen pages, we know the total transcript exceeded 463 pages.

---

[2]     Only three of the exhibits and six pages of the transcript relate to the sex discrimination claim. The other exhibit and five pages of transcript relate to the implied contract claim, and six pages of transcript apply to the public policy issue.

Without a transcript of all of the evidence relating to plaintiff's claim of sex discrimination, the evidentiary record is insufficient to permit assessment of the claim. We have no obligation to remedy any failure of plaintiff and her attorney to see that the record is sufficient to consider and determine the issues on appeal. See King, 58 F.3d at 587. Accordingly, we must affirm the district court's determination that plaintiff was not terminated on the basis of sex. See McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir. 1992) (stressing importance and mandatory nature of court rules governing provision and use of transcripts); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992).

Plaintiff argues the district court improperly applied the standard for summary judgment in discussing whether she presented a prima facie case of sex discrimination. She also maintains the district court imposed an improper burden of proof by failing to use the word "indirectly" in stating her burden for proving pretext. Having reviewed the district court's order and the case law cited therein, we conclude the district court applied the proper burden of proof and did not apply summary judgment standards to decide this case.

Plaintiff's raises two other arguments on appeal: (1) the district court erred in concluding that defendant did not breach an implied employment contract allegedly provided by the human resources manual, and (2) the district court erred in determining her termination did not violate public policy when the evidence

allegedly showed she was wrongfully discharged in retaliation for challenging her supervisor's decision to forgo publishing revisions reflecting a change in radio frequency for an airport in South Carolina.  These arguments also concern district court findings and determinations based on the evidence.  Because plaintiff provided insufficient portions of the transcript to review these arguments, we are effectively barred from any substantive review of them and must affirm the district court.  See McGinnis, 978 F.2d at 1201.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Robin J. Cauthron
District Judge