**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SYLVESTER KWAME,

      Plaintiff - Appellant,

vs.

THE CHILDREN'S HOSPITAL
ASSOCIATION, a Colorado corporation,

      Defendant - Appellee.

No. 96-1136
(D.C. No. 94-WY-2307)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, BRORBY, and KELLY, Circuit Judges.[**]

Sylvester Kwame appeals from a judgment against him in his Title VII

discrimination claim against The Children's Hospital. He argues that the district court

erred in instructing the jury regarding the definition of retaliation. He also moves to

supplement the record on appeal with a transcript of the testimony of a witness, Rodney

Coleman.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Kwame did not preserve his appeal by making an objection below to the instruction he now challenges. Fed. R. Civ. P. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."); Continental Trend Resources v. OXY USA, 44 F.3d 1465, 1473 (10th Cir. 1995), cert. granted and judgment vacated on other grounds, 116 S. Ct. 1843 (1996); Doc. 39 at 3 (no objection to Instruction 11, which is challenged in this appeal; no objection to the charge to the jury).

Even if we permitted the requested supplementation, the record would still be insufficient for our review of the error alleged. An error in instructing the jury will result in reversal only if the appellate court finds the error to be prejudicial based upon a review of the record as a whole. Rios v. Bigler, 67 F.3d 1543, 1549 (10th Cir. 1995); King v. Unocal Corp., 58 F.3d 586, 587 (10th Cir. 1995). The appellant bears the responsibility of providing this court with a proper record on appeal. Fed. R. App. P. 30; 10th Cir. R. 10.1; King, 58 F.3d at 587; see also Fed. R. App. P. 10. Likewise, when challenging a jury instruction, the record must include the challenged instruction. 10th Cir. R. 10.3.2(a); see also 10th Cir. R. 28.2(c). Absent a proper record, we cannot consider the point. King, 58 F.3d at 588.

AFFIRMED.  Mr. Kwame's motion to supplement the record is DENIED.  The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge