# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

**Patrick J. Fisher, Jr.**                                                                 **Elisabeth A. Shumaker**
**Clerk**                                                                                         **Chief Deputy Clerk**

June 25, 1997


**TO:** All recipients of the captioned Order and Judgment

**RE:** 96-3310, Quinstar Corp. v. Stoecker
    May 27, 1997


Please be advised of the following corrections to the captioned decision:

In the caption, Third-Party Defendant Ronald J. Filbrun is erroneously listed as Richard Filbrun. The second error is found on page 3 of the decision, wherein the Court stated "At the conclusion of the trial, the jury answered each of the 52 questions on the special verdict form in favor of Falcon Bridge and Mr. Stoecker." In actuality, the jury answered each question in favor of Quinstar Corporation and Ronald J. Filbrun.

A corrected Order and Judgment is attached for your convenience.

Very truly yours,

Patrick Fisher, Clerk



Susie Tidwell
Deputy Clerk


encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

QUINSTAR CORPORATION,
a Kansas corporation,

      Plaintiff-Counter-Claim-
      Defendant - Appellee,

v.

FALCON BRIDGE INDUSTRIES,
INC.,

      Defendant-Third-Party-Plaintiff,

and

WILLIAM J. STOECKER,

      Defendant-Counter-Claimant -
      Appellant,

v.

RONALD J. FILBRUN,

      Third-Party-Defendant -
      Appellee.

No. 96-3310
(D.C. No. 95-CV-1098)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant William J. Stoecker, as the primary shareholder of Falcon Bridge Industries, Inc., entered into a written agreement to purchase the stock of Plaintiff Quinstar Corporation from its sole shareholder, Ronald J. Filbrun. In its complaint, Quinstar alleged that Mr. Stoecker and Mr. Filbrun also entered into an oral contract under which Mr. Filbrun was to authorize an advance of $200,000 to Mr. Stoecker on Quinstar's line of credit. In return, Mr. Stoecker was to pay, within a week, $500,000 on the total amount Quinstar owed on the line of credit. Although Mr. Stoecker received the money, he failed to pay any amount toward the line of credit.

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Quinstar sought damages for breach of the oral contract and fraudulent misrepresentations related to the purchase agreement and the oral contract. Falcon Bridge and Mr. Stoecker filed counterclaims and third party claims against Quinstar and Mr. Filbrun, alleging fraud and breach of contract. At the conclusion of the trial, the jury answered each of the fifty-two questions on the special verdict form in favor of Quinstar Corporation and Mr. Filbrun. It awarded Quinstar compensatory damages of $233,675 and punitive damages of $50,000.

Mr. Stoecker[1] appeals from the judgment entered upon the jury verdict. He argues that the district court erred (1) in admitting prejudicial evidence of representations that contradicted provisions of the written purchase agreement; (2) in reserving ruling on his motion for judgment as a matter of law, made at the close of evidence, and denying the motion as moot after the jury returned its verdict, and (3) in submitting the special verdict form to the jury. Each of these claims of error necessitates a reasoned review of the evidence presented to the district court. See United States v. Rodriguez-Aguirre, 108 F.3d 1228, 1236 (10th

---

[1]     Mr. Stoecker was represented by counsel in the district court but proceeds pro se on appeal. He filed a pro se notice of appeal purportedly on behalf of himself and Falcon Bridge. Because a corporation can appear only through counsel, see DeVilliers v. Atlas Corp., 360 F.2d 292, 294 (10th Cir. 1966), we dismiss the appeal as to Falcon Bridge. We also note that the issues Mr. Stoecker raises on appeal concern only Quinstar's claims, and not his counterclaims or claims against Mr. Filbrun. As a consequence, Mr. Filbrun is not implicated in this appeal.

Cir. 1997) (holding that, without transcripts, the appellate court has no means of determining whether the district court properly admitted allegedly prejudicial evidence); Weese v. Schukman, 98 F.3d 542, 547 (10th Cir. 1996) (requiring a de novo review of the evidence to determine the propriety of the district court's ruling on a motion for a judgment as a matter of law); United States Fire Ins. Co. v. Pressed Steel Tank Co., 852 F.2d 313, 318 (7th Cir. 1988) (determining, on appellate review, whether the special verdict form included all material issues raised by the pleadings and evidence).

Mr. Stoecker has failed to include a trial transcript in the record on appeal. An appellant bears the responsibility of providing this court with a proper record on appeal. See Fed. R. App. P. 10; 10th Cir. R. 10.1.1. The record must contain all portions of the transcript necessary to give the court of appeals a complete and accurate record of the proceedings related to the issues on appeal. See King v. Unocal Corp., 58 F.3d 586, 587 (10th Cir. 1995). Absent a transcript of the trial, we are effectively barred from any review of Mr. Stoecker's arguments on appeal. See id..

We therefore AFFIRM the judgment of the United States District Court for the District of Kansas.  The mandate shall issue forthwith.


Entered for the Court


Wade Brorby
Circuit Judge