**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEWELL D. CAMPBELL,

      Plaintiff-Appellant,

v.

COASTAL MART,

      Defendant-Appellee.

No. 00-1060

(D.C. No. 98-B-2617)
(D.Colo.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Jewell D. Campbell appeals the district court's grant of summary judgment to defendant Coastal Mart in her Title VII action for failure to promote

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

on the basis of race. We exercise jurisdiction pursuant to 28 U.S.C.

§ 1291 and affirm.

I.

Campbell was hired by Coastal Mart in August 1993 as a cashier,

terminated in January 1995, and rehired in October 1995. In October 1996,

Campbell applied for an assistant manager position, but the position was given to

a white male. On August 20, 1997, Coastal Mart terminated Campbell's

employment, citing chronic lateness and inappropriate behavior for its decision.

Campbell filed a Charge of Discrimination with the Equal Employment

Opportunity Commission (EEOC) and was issued a Notice of Right to Sue letter.

On December 1, 1998, Campbell filed a petition in federal district court,

contending Coastal Mart failed to promote her on the basis of race, in violation

of Title VII, 42 U.S.C. § 2000e-2. [1] Coastal Mart filed a motion for summary

judgment, contending Campbell was not promoted because she did not have prior

experience as a supervisor and was frequently late to work.

Pursuant to 28 U.S.C. § 636(b), the district court referred Coastal Mart's

motion for summary judgment to a magistrate judge, who recommended granting

the motion. The magistrate applied the burden-shifting scheme of McDonnell

_____

[1]Campbell also alleged she was retaliatorily discharged and terminated because of her race. Campbell subsequently withdrew all her claims except her claim of discriminatory failure to promote.

2

Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), and concluded Campbell failed to establish a prima facie case of discriminatory failure to promote because she did not show she was qualified for the assistant manager position. [2] The magistrate further concluded that, assuming Campbell established a prima facie case, she failed to show Coastal Mart's nondiscriminatory reasons for not promoting her were pretextual. Over Campbell's objection, the district court adopted the magistrate's recommendation, granted Coastal Mart's motion for summary judgment, and dismissed the action with prejudice.

II.

We review summary judgment decisions de novo, applying the same standard as the district court. Southwestern Bell Wireless Inc. v. Johnson County Bd. of County Comm'rs, 199 F.3d 1185, 1189 (10th Cir. 1999), cert. denied, 2000 WL 343599 (2000). Summary judgment is proper if "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. Barela v. C.R. England & Sons, Inc., 197 F.3d 1313, 1315 (10th Cir. 1999).

---

[2]Contrary to Campbell's assertion, the record shows the magistrate engaged in the proper burden-shifting analysis.

3

Campbell alleges Coastal Mart failed to promote her because of her race. "To carry the initial burden of establishing a prima facie case of race discrimination for a failure to promote claim, the plaintiff must typically show that he or she (1) belongs to a minority group; (2) was qualified for the promotion; (3) was not promoted; and (4) that the position remained open or was filled with a non-minority." Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1328 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999) (quotation omitted). The only contested element is whether Campbell was qualified for the promotion.

The job description for assistant store manager required "[s]upervisory experience, i.e., shift leader; good verbal skills, time management awareness, limited training background." Aple. Supp. App. at 79. Campbell contends she was qualified, because

> she was employed by [Coastal Mart] for a number of years, was asked to train two employees for which one, a white male, was promoted to the job as Assistant Manager the job [Campbell] applied for. [Campbell] had seniority, was asked to work other store locations during her employment, and was acting as an Assistant Manager in her training other employees and working other locations.

Aplt. Br. at 5. Campbell has not included this evidence in the record. See King v. Unocal Corp., 58 F.3d 586, 587 (10th Cir. 1995) (noting that "[i]t is the appellant's responsibility to provide us with a proper record on appeal").

4

Further, Campbell's assertions do not establish that she had the necessary supervisory experience for the assistant manager position. See Simms, 165 F.3d at 1329 (stating that "an employee's 'own opinions about his . . . qualifications [do not] give rise to a material factual dispute'") (quoting Rabinovitz v. Pena, 89 F.3d 482, 487 (7th Cir. 1996)).

If Campbell had met the burden of establishing a prima facie case, the court would presume discriminatory intent on the part of Coastal Mart and the burden would shift to Coastal Mart to "articulate a facially nondiscriminatory reason for the challenged employment action." Simms, 165 F.3d at 1328 (quotation omitted). Coastal Mart claimed Campbell was not promoted because she was not qualified, based on her lack of supervisory experience and her chronic lateness. In light of this nondiscriminatory reason for the failure to promote, Campbell "may defeat summary judgment by presenting sufficient evidence such that a reasonable jury could conclude that the proffered nondiscriminatory reason for the employment action is pretextual, that is, 'unworthy of belief.'" Id. Campbell presented no evidence that Coastal Mart's proffered reason for the failure to promote her was pretextual. Campbell admitted to being late to work numerous times and offered no evidence of her supervisory experience. Campbell claimed her manager commented that "poor old black woman wants to learn," which the magistrate concluded was at best a

stray remark insufficient to support an inference of discriminatory motivation. ROA doc. 45 at 5-6. We agree and conclude that, assuming Campbell presented a prima facie case of discrimination, she did not present sufficient evidence for a reasonable jury to conclude Coastal Mart's reasons were pretextual.

Campbell has not provided the transcript of the summary judgment hearing or any of the summary judgment pleadings or supporting documents. See 10th Cir. R. 10.3 (detailing required contents of appendix). Coastal Mart has supplemented the record with its motion for summary judgment. From that motion, its supporting documents, the magistrate's recommendation, and the remaining information in the record on appeal, we conclude Campbell has not shown the district court erred in granting summary judgment to Coastal Mart.

III.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge