**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 5 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

STEVEN D. BEEM,

      Petitioner-Appellant,

v.

DAVID R. MCKUNE, Warden,
Lansing Correctional Facility; CARLA
STOVALL, Attorney General,

      Respondents-Appellees.

No. 01-3326
(D.C. No. 98-CV-3294-DES)
(D. Kan.)

ORDER AND JUDGMENT *

Before **SEYMOUR** , **PORFILIO** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Steven D. Beem, a state prisoner appearing *pro se* , seeks a certificate of

appealability (COA) to appeal the district court's denial of his habeas corpus

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Beem must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies a habeas petition on the merits of the constitutional claims, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Beem was convicted of arson in 1988 and was sentenced to fifteen to sixty years' imprisonment under Kansas' habitual criminal law. Beem's conviction was upheld by the Kansas Court of Appeals and his subsequent state post-conviction petition was denied. In September 1998, Beem filed this petition claiming the evidence supporting his conviction was constitutionally insufficient, the trial court erred in failing to *sua sponte* give a cautionary instruction regarding the admission of hearsay testimony by an alleged accomplice, and he was denied effective assistance of counsel because his appellate counsel failed to raise a Sixth Amendment Confrontation Clause challenge to the admission of the accomplice hearsay testimony.[1] The district court denied Beem habeas relief as well as a certificate of appealability.

---

[1] Beem failed to comply with this court's rule requiring that he provide a copy of his petition. *See* 10th Cir. R. 10.3(C)(1), 30.1(A)(1). We therefore adopt the district court's description of his claims.

Beem is represented by counsel, who bears the responsibility under the rules of this court to designate "a record on appeal that is sufficient for considering and deciding the appellate issues," 10th Cir. R. 10.3(A), including a copy of the habeas petition, 10th Cir. R. 10.3(C), and trial transcripts where necessary to the court's review, 10th Cir. R. 10.1(A)(1). *See Green v. Johnson*, 977 F.2d 1383, 1387 (10th Cir. 1992). Beem's appendix fails to include a copy of his habeas petition, any of the pleadings before the district court, or a complete trial transcript. Indeed, although he raises an ineffective-assistance-of-appellate-counsel claim, his appendix does not even include a copy of the brief he filed in his state direct appeal. Beem's appendix includes only the district court's orders, the notice of appeal, selected state court opinions and selected portions of his trial transcript. It does appear that the complete trial transcripts were presented to and considered by the district court, however.

Where the evidentiary record before us is insufficient to permit an assessment of appellant's arguments, we must affirm. *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). In the absence of the habeas petition, the state direct appeal brief, the district court pleadings or the complete trial transcripts of Beem's underlying criminal proceedings, we cannot meaningfully review any of Beem's issues on appeal. "[F]ailure to file a trial transcript precludes review of a conviction for sufficiency of the evidence." *United States v. Vasquez*, 985 F.2d

491, 495 (10th Cir. 1993); *see also* 10th Cir. R. 10.1(A)(1)(a) ("When sufficiency of the evidence is raised, the entire relevant trial transcript must be provided."). And, without a complete trial transcript, we cannot meaningfully assess whether the lack of a cautionary jury instruction regarding accomplice hearsay testimony was sufficiently prejudicial to support a collateral attack on his conviction. *See, e.g., Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (describing erroneous jury instruction standard of review in habeas appeal); *King v. Unocal Corp.*, 58 F.3d 586, 587-88 (10th Cir. 1995) (stating court could not consider challenge to jury instruction without trial transcript). From the transcript excerpts provided, we see nothing to suggest the lack of a cautionary jury instruction rendered the trial so fundamentally unfair as to cause a denial of a fair trial. *See Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999).

Likewise, the record is insufficient to review Beem's claim for ineffective assistance of appellate counsel based on a claimed failure to raise a Confrontation Clause claim. On the basis of the limited record before us, however, we see no Confrontation Clause violation. Beem contends the Supreme Court's decision in *Lilly v. Virginia*, 527 U.S. 116 (1999), repudiates the Kansas Court of Appeal's conclusion that the admission of Harris' statements were permissible under a firmly-rooted exception to the hearsay rule. But he relies on a plurality opinion holding an accomplice's custodial confession that inculpates another criminal

defendant but is largely "non-self inculpatory" (that is, the declarant minimized his own criminal responsibility and shifted blame to the defendant), was presumptively unreliable and could not be admitted within a firmly-rooted exception to the hearsay rule, even if the statement was technically against the declarant's own penal interest. 527 U.S. at 134. The only real concensus in *Lilly* was that there was a Confrontation Clause violation where the statements were not against the declarant's penal interest because the declarant did not admit his own liability. Here, in contrast, the accomplice testimony relating to Johnnie Harris implicated the witness in the arson conspiracy and was therefore clearly against his penal interest. Consequently, the testimony in question was admissible under a firmly rooted exception to the hearsay rule permitted by Kan. Stat. Ann. § 60-460(i)(2) and did not violate the Confrontation Clause.

Beem has not shown his habeas petition is deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. Beem's motion for remand is DENIED. The petition for certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-5-