**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SAHIB QUIETMAN HENDERSON,

     Plaintiff - Appellant,

v.

CHARLES RAY,

     Defendant - Appellee.

No. 04-6391
(D.C. No. CIV-03-1320-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Plaintiff-Appellant Sahib Henderson appeals the district court's ruling that

Henderson's notice of appeal divested it of jurisdiction to consider substantive

motions in the case and requests that this court grant him a certificate of

appealability ("COA") to challenge the district court's rejection of his petition for

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus. We AFFIRM the district court's jurisdictional ruling and DENY

Henderson's request for a COA.

## BACKGROUND

Henderson was convicted by an Oklahoma state court of distribution of a

controlled dangerous substance. His conviction and sentence were affirmed on

direct appeal, and his application for state post-conviction relief was denied.

Henderson then filed a *pro se* petition pursuant to 28 U.S.C. § 2254 seeking

a writ of habeas corpus. He raised numerous grounds on which he claimed he was

entitled to relief.[1] In a thorough report and recommendation, United States

Magistrate Judge Doyle Argo reviewed the merits of Henderson's claims and

recommended that his petition be denied. The district court adopted this report

and recommendation and denied Henderson's habeas petition on December 2,

2004.

---

[1]Henderson claimed the following grounds for relief: (1) insufficient evidence to prove that he committed the crime for which he was charged; (2) ineffective assistance of appellate counsel; (3) ineffective assistance of trial counsel; (4) the application of an unconstitutional constructive amendment to the charging document; (5) admission of videotaped evidence in violation of Henderson's right to confront witnesses; (6) admission of evidence obtained during a warrantless search and in violation of Henderson's right to privacy; (7) entrapment; (8) biased jury; (9) prosecutorial misconduct; (10) improper jury instructions; (11) abuse of judicial discretion in the admission of certain evidence and other procedural errors; and (12) entitlement to a downward departure.

On December 9, Henderson filed a motion for an extension of time to file a motion for rehearing; the district court granted the motion the next day, giving Henderson until December 22 to file his motion. However, on December 9, Henderson also filed his notice of appeal of the December 2 order denying his habeas petition. Construing this notice of appeal as a request for a certificate of appealability ("COA"), the district court denied the request on December 17. On December 22, the district court considered two motions filed by Henderson the previous day—a second motion for an extension of time and a motion to modify his underlying sentence. Finding that the filing of a notice of appeal divests the district court of jurisdiction over all except the most tangential matters, the court ruled that it lacked jurisdiction to consider the two motions.

Henderson then filed three motions with the district court on January 13, 2005: a second motion for modification of his sentence; a motion for relief from judgment; and an "Amendment (Motion to Vacate Violation of Due Process)." The district court denied the motion for relief from judgment and found that it lacked jurisdiction to act upon the motion for modification of sentence.[2] It does not appear that the district court acted on the "amendment."

_____

[2]The orders are not included in the appellate record, thus we cannot determine if the denial of the motion for relief from judgment was also on jurisdictional grounds.

Henderson has submitted three filings to this court. On December 30, 2004, Henderson filed a "motion for a procedural order," seeking two specific orders: an order requiring the district court to rule on his original motion for a modification of sentence; and an order requiring the district court to give him time to seek reconsideration of the district court's denial of his habeas petition.

Then, on February 14, 2005, Henderson filed an application in this court for a COA. In the application, Henderson also argues that he has no access to a prison law library and that the district court erred in not voiding his notice of appeal and considering, on the merits, his original motion to modify his sentence. He also appears to ask this court to rule on or review his January 13 motions, two of which he attaches to the application.

Finally, in response to an order by this court, Henderson filed an "opening brief" on April 18, 2005. In this filing, he moved to adopt his previously filed application for a COA as the opening brief in this case. He reiterated his argument that the district court erred in not considering his original motion to modify his sentence; in support for this argument, he claimed his "premature" filing of his notice of appeal (i.e., filing the notice before filing his motion to reconsider the sentence) was caused by his lack of access to a prison law library.[3]

---

[3]Specifically, Henderson alleges that the prison has no law library, and that legal services are provided by a law firm that is under contract with the prison.
(continued...)

**DISCUSSION**

A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations, footnote omitted).

Liberally construing Henderson's filings with this court, we find he raises three issues. First, his application for a COA and his opening brief seek a COA to appeal the district court's decision rejecting his habeas petition. Second, his "motion for a procedural order," as well as portions of his application for a COA and his opening brief, are properly construed as challenging the district court's December 22 decision that it lacked jurisdiction to consider Henderson's motions.[4] Finally, his application for a COA appears to ask this court to rule on

---

[3](...continued)
He claims the contract firm is insufficient given that there are more than 960 inmates at the prison.

[4]Henderson's motion for a procedural order specifically asks this court to issue an order instructing the district court to consider his motion for a modification of sentence. "Procedural orders" refer to "motions which do not substantially affect the rights of the parties or the ultimate disposition of the appeal," such as motions for an extension of time. See Fed. R. App. P. 27

(continued...)

or review the three motions that he filed with the district court on January 13th. We consider these arguments in turn.

### *Application for a COA*

"Where a district court has rejected the constitutional claims on the merits, the showing required to [obtain a COA] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

None of Henderson's three filings with this court attempt to make any showing that the disposition of his claims was debatable or wrong. Instead, they focus on Henderson's claim that the district court's December 22 decision improperly dismissed his pending motions for lack of jurisdiction. Nonetheless, we have reviewed the magistrate's report and recommendation, on which the district court based its denial of Henderson's habeas petition, and find it thorough and well-reasoned. In short, we have no reason to think that the district court's dismissal of Henderson's habeas petition was "debatable or wrong."[5]

---

[4](...continued)
advisory committee notes (1967 Adoption). The relief Henderson seeks—a chance to have the district court rule on the merits of his post-notice of appeal motions—would require a decision of this court reversing the district court's jurisdictional ruling.

[5]Henderson attached his "Amendment (Motion to Vacate Violation of Due
(continued...)

### *December 22 Jurisdictional Decision*

The district court ruled that it lacked jurisdiction to consider Henderson's

motions for a modification of sentence and for a second extension of time in

which to file a motion for rehearing. We review the district court's dismissal for

lack of jurisdiction *de novo*. See, e.g., Merida Delgado v. Gonzales, 428 F.3d

916, 919 (10th Cir. 2005).

As a general rule, "[t]he filing of a notice of appeal is an event of

jurisdictional significance—it confers jurisdiction on the court of appeals and

divests the district court of its control over those aspects of the case involved in

the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

However, the timely filing of certain post-trial motions[6]—even if filed after the

---

[5](...continued)
Process)" and his second motion for a modification of his sentence, both
originally filed in the district court, to his application for a COA. To the extent
that he attaches these motions to raise arguments made therein, we caution that
we generally do not consider such arguments incorporated by reference. See 10th
Cir. R. 28.4; United States v. Gabriele, 1997 WL 31543, *1 n.1 (10th Cir. Jan 27,
1997) (unpublished).

     In any event, we have reviewed these motions and they do not affect our
disposition of this matter. The "amendment" largely reiterates arguments already
rejected by the magistrate's recommendations and does not show that reasonable
jurists would question the magistrate's assessments. Similarly, the motion for a
modification of the sentence seems to argue only that Henderson's sentence was
improperly enhanced.

     [6]The divesting motions are those listed in Fed. R. App. P. 4(a)(4)(A). See
also Stone v. I.N.S., 514 U.S. 386, 402 (1995) (noting that Rule 4(a)(4) specifies
the post-judgment motions that divest the appellate court of jurisdiction).

filing of a notice of appeal—divests the <u>appellate</u> court of jurisdiction conferred on it by the notice. See <u>Stone</u>, 514 U.S. at 402-03 ("The majority of post-trial motions, such as [a Fed. R. Civ. P.] Rule 59 [motion for a new trial], render the underlying judgment nonfinal . . . when filed after the notice of appeal (thus divesting the appellate court of jurisdiction).").

Here, Henderson did not file a motion that operated to divest this court of jurisdiction. While he did seek an extension of time to file a motion for "rehearing"—a motion which, if timely filed, could be construed as a Rule 59 motion, see <u>Trotter v. Regents of Univ. of N.M.</u>, 219 F.3d 1179, 1183 (10th Cir. 2000)—he did not file such a motion within the 10-day period provided by Rule 59.[7] As Henderson did not file any jurisdiction-divesting motion with the district court, the general rule that the filing of a notice of appeal places jurisdiction in this court and removes it from the district court applied. Thus the district court's dismissal for lack of jurisdiction was correct.[8]

---

[7]Fed. R. Civ. P. 6(b) specifically provides that a court may not grant an extension of time to file a Rule 59 motion. Thus once the 10-day window had elapsed, any subsequent motion for rehearing would not be construed as a Rule 59 motion and would therefore not divest this court of jurisdiction over the appeal.

[8]Much of Henderson's pleadings focus on the claim that the reason he filed his notice of appeal before filing a motion for rehearing is that he lacked the knowledge of how to properly proceed given the prison's lack of a law library and insufficient legal assistance. However, Henderson's filing of his notice of appeal divested jurisdiction from the district court, meaning that it lost its power to entertain the motions. See, e.g., <u>D.L. v. Unified School Dist. No. 497</u>, 392 F.3d

(continued...)

### *January 13th Motions*

Henderson's application for a COA states that

[t]he Petitioner, appeals to this Court, for a ruling on the:

1. Motion for Relief from Judgment
2. Amendment/violation of Due Process
3. Motion for Modification of sentence

Filed on the 13th day of January 2005, in the District Court; to be adopted in this Court, as evidence of the denial of Constitutional rights, and that this cause deserves further proceedings . . . .

To the extent that Henderson is asking this court to rule on the motions, we note that the district court has already ruled on (and rejected) his motion for relief from judgment and his motion for modification of sentence. As a result, the proper relief would be a reversal of the district court's decision, not a new ruling on the motion. As for his "amendment/violation of Due Process," which the district court apparently has not disposed of, we do not consider issues not ruled

---

[8](...continued)
1223, 1229 (10th Cir. 2004) (noting that federal courts have no power to decide an issue if they lack jurisdiction). The reason for divesting the court of jurisdiction (i.e., the "premature" filing of a notice of appeal) is irrelevant.

We note that Henderson alleges that his lack of access to a prison library violates the principles of Lewis v. Casey, 518 U.S. 343 (1996). However, such a challenge to the conditions of confinement is properly brought as a civil rights claim under 42 U.S.C. § 1983. See, e.g., Cotton v. Looney, 2005 WL 3418659 (10th Cir. Dec. 14, 2005) (unpublished).

on by the district court.  See In re R. Eric Peterson Const. Co., 951 F.2d 1175, 1182 (10th Cir. 1991).[9]

Assuming Henderson is actually attempting to appeal the district court's disposal of his motions for relief from judgment and modification of his sentence, we note that copies of the orders disposing of the motions are not included in the record.  The district court's docket states that the motion for modification of sentence was dismissed for lack of jurisdiction.  As discussed above, that jurisdictional ruling was correct.  The docket does not explain the grounds for denial of the motion for relief from judgment, thus we cannot review that claim.  See King v. Unocal Corp., 58 F.3d 586, 588 (10th Cir. 1995) ("Because Appellant did not provide us with a proper record, we cannot review his appellate issue.").

**CONCLUSION**

We GRANT Henderson's motion to adopt his application for a COA as his opening brief in this case.  However, for the foregoing reasons, we DENY

---

[9]Henderson's "amendment" appears to be raising arguments that are properly raised in a habeas petition.  To the extent that Henderson wishes to file a successive habeas petition, he must file a motion with this court for an order authorizing the district court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A).  We note that he may not raise any claim that was presented in his original habeas petition.  See 28 U.S.C. § 2244(b)(1).  Further, he is barred from raising new issues not presented in the initial habeas petition unless those issues fall into one of the exceptions in 28 U.S.C. § 2244(b)(2).

Henderson's request for a COA and AFFIRM the district court's December 22 jurisdictional ruling.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge